# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD H. TRIPLETT | ) | |
| Reg #22612-047 | ) | |
|    Petitioner, | ) | **Case No. 2:13-CV-00041 SWW-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY HAYNES, Warden, | ) | |
| FCI – Forrest City | ) | |
|    Respondent. | | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Richard H. Triplett for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). On December 29, 2009, Petitioner received 84-month concurrent sentences for receipt and distribution of child pornography and possession of child pornography. In accordance with Bureau of Prisons (BOP) policy, Petitioner was given an initial designation by the Designation and Sentence Computation Center (DSCC). Part of this designation was a Public Safety Factor (PSF) of "sex offender." Inmates with a sex offender PSF must be housed in at least a low security level institution, unless the PSF has been waived. Only the DSCC administrator is authorized to waive a PSF.

Beginning in December 2010, Petitioner filed a number of requests for removal of the PSF with his unit officers and warden. He sought removal because it would mean that he could be transferred to a minimum security facility and be eligible for fourteen days of home detention.

These requests were denied, and his subsequent attempts to obtain an administrative remedy were also unsuccessful.

Petitioner argues that 1) Respondent violated BOP policy when he failed to submit his PSF waiver request to the DSCC, 2) the classifications used by the BOP are arbitrary and capricious, and 3) Respondent violated Petitioner's due process rights when he denied his request without consideration of the evidence.  He requests that the Court order Respondent to submit his request for a PSF waiver to the DSCC.

First, Respondent complied with BOP policy at all times.  As Petitioner was told by FCI-Forrest City officials, requests for PSF waivers must be routed to the DSCC "from the unit or shared folders" *after* "approval by the Warden." Program Statement 5100.08, *Inmate Security Designation and Custody Classification*, Ch. 5, p. 1-2, (2006).   Petitioner appears to believe wardens do not have any discretion in these requests and that they are merely couriers for delivering the requests to the DSCC.  As with Petitioner's ultimate goal of Residential Reentry Center (RRC) placement, the request for waiver is something that is left up to the professional judgment of BOP officials.  Even if Petitioner were to ultimately get the PSF waived, there is no guarantee he would be released any sooner. "RRC placement, in and of itself, is not a reward for good institutional behavior, nor is it an early release program or a substitute for the furlough program.  RRC placement and length of placement cannot be reduced solely to a classification score or any other type of arbitrary classification." Pet'r's Pet., Ex. E-1, at 2.

Second, Petitioner's claims are not cognizable under 28 U.S.C. § 2241 because they do not go directly to the constitutionality of his confinement or its duration.  Where Petitioner serves his sentence and what designation he has while serving it does not fall under § 2241's purview. *See, e.g.*, *Rodebaugh v. Haynes*, No. 2:13-cv-00011-DPM-BD, 2013 WL 1001436 (E.D. Ark.

March 13, 2013) (Order adopting Recommended Disposition, 2013 WL 1003676, *2 (February 12, 2013)); *Butler v. Outlaw*, No. 2:08-cv-00192-JLH-JTR, 2010 WL 797186, *2 (E.D. Ark. 2010); *Wilks v. Mundt*, 25 F. App'x 492, 2002 WL 113837 (8th Cir. 2002); *Day v. United States Dep't of Justice*, 275 F. App'x 90 (3rd Cir. 2007); *Bazuaye v. Tombone*, 275 F.3d 44 (5th Cir. 2001). This is essentially a conditions of confinement claim that should have been brought under 42 U.S.C. § 1983. The Court cannot order the warden to approve Petitioner's request under these circumstances.

Finally, Respondent's decision was supported by the evidence. Petitioner relies on the warden's comments regarding therapy, but Petitioner has ignored repeated suggestions that he participate in one of the sex offender counseling programs that are offered by the BOP. Petitioner has attached a letter from a therapist indicating he spent nearly a year and a half in a sex addiction treatment program prior to sentencing, but it must also be noted that the therapist recommended he continue treatment. The letter does not say he was cured or that participation in a prison program would be detrimental to his rehabilitation. The warden complied with 18 U.S.C. § 3621.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

All pending motions are DENIED.

SO ORDERED this 2nd day of June, 2014.

_____
United States Magistrate Judge